LYNCH, Chief Judge,
concurring.
I join in Judge Torruella’s well-done opinion. As he states, this case raises no issue as to whether police officers may ask for the identification of all other passengers in a vehicle that is stopped for a minor traffic violation (failing to signal before changing lanes) by the driver. Cf. United States v. Soriano-Jarquin, 492 F.3d 495, 500 (4th Cir.2007). Nor does this case involve whether a police officer may detain and escort to the immigration authorities a vehicle containing persons who do not speak English and appear to be foreign, based on no more than the officer’s “hunch” that the passengers may be aliens who entered or remained in the country illegally.
Rather, on the facts of this case, plaintiffs’ claims must fail because a reasonable officer would have had no basis in existing law to conclude that his actions violated any constitutional rights, and so Officer Chabot is entitled to immunity. Maldonado v. Fontánes, 568 F.3d 263, 268-69 (1st Cir.2009). The initial stop of the van and the two pat downs were plainly reasonable for safety reasons and provide no basis for any claim of constitutional violation.
In my view, the specific facts of this case also require the conclusion that the officer is entitled to immunity on all claims related to the detention and escorting of the vehicle and its passengers to the immigration authorities. Officer Chabot had more information at his disposal than merely the Hispanic appearance of the passengers and their inability to speak English. He knew from the driver that all plaintiffs were on their way to work. He also knew that when asked for some form of identifi *69 cation, most plaintiffs produced none, two offered Guatemalan consular identification cards,[19] and one a Sports Fitness club I.D. card with no birth date on it. None of the passengers produced proof of United States citizenship when asked, nor did anyone produce a green card.
This information raised the real prospect that there were violations of criminal law by the driver, 8 U.S.C. § 1324(a)(l)(A)(ii), possibly by the employer, id. § 1324(a)(3)(A), and by the van’s passengers, id. §§ 1304(e), 1306(a). Employers are required to review documents from the individuals they employ. Id. § 1324a(b)(l)(A)-(D). These materials include both employment authorization and identity documentation, id., such as a resident alien card or an alien registration card, id. § 1324a(b)(l)(B)(ii). Accordingly, if the passengers were employed as they said, they likely would have had, at a minimum, some form of identity documents. If they were not American citizens, a reasonable officer had grounds to believe they were violating the requirement to carry their registration, id. § 1304(e), or lacked registration because they had entered illegally, id. § 1306(a). Either situation was a violation of law.
Thus, there was a reasonable basis[20] for the officer to contact Immigration and Customs Enforcement (ICE). The ICE representative called back three minutes later and noted that the agency wanted to identify the passengers and their status, “due to the lack of identification and strong possibility that the [van’s] occupants were illegal immigrants.”
This was enough to raise a serious question, warranting further investigation of whether plaintiffs were in violation of immigration laws. A reasonable officer would believe this evidence was sufficient to merit extending the period of detention for the next one-to-two hours to accompany the van to the ICE office, whether the passengers consented or not. Indeed, federal law gives the authority to arrest for violations of § 1324 to all “officers whose duty it is to enforce criminal laws.” Id. § 1324(c).
Plaintiffs’ claims were properly dismissed.

. Consular identification cards are issued by several foreign governments, including Guatemala’s, and identify their bearers as citizens of the issuing country. See, e.g., H.R. Rep. 108-804, at 97-98 (2005).

. The majority opinion’s reliance on plaintiffs’ own admissions that they told Officer Chabot they were illegal aliens is proper, but I do not rely on them because Officer Chabot did not testify they said so and because the admissions are not contained in the police report.